# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ISAIAH ROBINSON,

    Plaintiff,

v.                                                 Case No. 3:21-CV-10520

STATE OF MICHIGAN, et. al.,

    Defendants,

_____/

## OPINION AND ORDER SUMMARILY DISMISSING CIVIL RIGHTS COMPLAINT

This is a prisoner civil rights case under 42 U.S.C. § 1983.  Plaintiff Isaiah Robinson is a state inmate confined at the Macomb Correctional Facility in New Haven, Michigan.  For the reasons that follow, the complaint is dismissed in part with prejudice and in part without prejudice for failing to state a claim upon which relief can be granted.

## I. BACKGROUND

Plaintiff has filed a lengthy complaint naming nine different defendants.  Plaintiff filed an amended complaint, also lengthy.  Many of the allegations are nonsensical or delusional.  The court will follow the advice of Ecclesiastes to "Let thy speech be short, comprehending much in few words,"[1] and attempt to summarize, but not reiterate, Plaintiff's voluminous allegations.

Plaintiff's main allegation is that he was wrongly convicted in the Newaygo County Circuit Court of resisting and obstructing a police officer and for malicious destruction of fire or police property.  Plaintiff seeks to have these criminal convictions

---

[1] *See* Ecclesiasticus 32:8.

1

vacated and also requests monetary damages. Additionally, Plaintiff claims that prison personnel at the Macomb Correctional Facility have interfered with his access to the courts by not timely sending his legal mail to the courts or timely delivering mail from the courts to Plaintiff. Plaintiff also claims that he was wrongfully convicted of a prison misconduct offense while incarcerated at the Macomb Correctional Facility.

## II. STANDARD

Plaintiff is allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter,

accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(*quoting Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III. DISCUSSION

### A. Federal Rule of Civil Procedure 8

Plaintiff's complaint is subject to dismissal, because Plaintiff has failed to comply with the pleading requirements of Federal Rule of Civil Procedure 8.  Rule 8(a)(2) requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This rule seeks "to avoid technicalities and to require that the pleading discharge the function of giving the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved." *Chase v. Northwest Airlines Corp.*, 49 F. Supp. 2d 553, 563 (E.D. Mich. 1999)(*quoting* Wright & Miller, Federal Practice and Procedure: Civil 2d § 1215). Similarly, Rule 8(e)(1) requires that "Each averment of a pleading shall be simple, concise, and direct."

Plaintiff's voluble pleading is subject to dismissal for failing to comply with the dictates of Rule 8 (a). *See Echols v. Voisine*, 506 F. Supp. 15, 17-19 (E.D. Mich. 1981), *aff'd*, 701 F.2d 176 (6th Cir. 1982)(Table); *see also Payne v. Secretary of Treas.*, 73 F. App'x. 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed.R.Civ.P. 8(a)(2); "Neither this court nor the district court is required to create Payne's claim for her."). Plaintiff's complaint meanders through confusing and often incomprehensible allegations which the court simply cannot decipher.  Wild and rambling pleadings do not meet the requirements of Rule 8 and must be dismissed.

### B. Defendant State of Michigan

Additionally, Plaintiff's lawsuit against the State of Michigan must be dismissed, because a state is not a "person" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment bars lawsuits against a state unless the state has waived its immunity, *see Welch v. Texas Dep't of Highways and Pub. Transp.*, 483 U.S. 468, 472–73 (1987), or unless Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. at 66.  Plaintiff has failed to identify or allege any facts that would support a finding that the State of Michigan has waived its immunity to his lawsuit or that Congress has expressly overridden any state immunity, therefore, any lawsuit against the State of Michigan is barred by the Eleventh Amendment. *See Akella v. Michigan Dept. of State Police,* 67 F. Supp. 2d 716, 722 (E.D. Mich. 1999).

### C. Defendants Governor Whitmer, Attorney General Nessel, and Heidi Washington

Plaintiff has named Governor Gretchen Whitmer, Attorney General Dana Nessel and Heidi Washington, the Director of the Michigan Department of Corrections, as Defendants even though his original and amended complaints contain no allegations against any of these defendants.

A plaintiff must allege the personal involvement of a defendant to state a civil rights claim under 42 U.S.C. § 1983. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (holding that a plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Defendant Governor Whitmer is not subject to suit under § 1983, because Plaintiff has failed to allege that she knew of, or took part in, the alleged deprivation of his constitutional rights. *See e.g. Foster v. Michigan,* 573 F. App'x. 377, 392 (6th Cir. 2014) (finding that plaintiff could not sustain claim against Governor Snyder of Michigan on a *respondeat superior* theory); *Bowen v. Taft,* 62 F. App'x. 117, 118 (6th Cir. 2003) (holding that district court did not err in summarily dismissing prisoner lawsuit against the Governor of the State of Ohio, because the Governor could not be liable under a *respondeat superior* theory). Attorney General Nessel, likewise, cannot be held liable for any civil rights violations absent any personal involvement on her part. *See Moniz v. Cox*, 512 F. App'x. 495, 499 (6th Cir. 2013). The complaint must be dismissed against Defendant Washington, because the complaint does not allege that Washington had any direct involvement in the alleged violations of the plaintiff's constitutional rights. *See*

5

*Sarr v. Martin,* 53 F. App'x. 760, 761 (6th Cir. 2002).  All three of these Defendants must be dismissed.

### D. The Claims Involving the Criminal Conviction

Plaintiff is unable to obtain monetary damages arising from his criminal conviction, absent a showing that his criminal conviction had been reversed or overturned.  To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, invalidated by a state tribunal, or otherwise vacated by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).  Plaintiff does not allege that his conviction was overturned, expunged, or called into question by a writ of habeas corpus, thus, his allegations relating to his criminal prosecution, conviction, and incarceration against Defendants fail to state a claim for which relief may be granted and must, therefore, be dismissed. See *Adams v. Morris,* 90 F. App'x. 856, 858 (6th Cir. 2004); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 756 (E.D. Mich. 2001).

The court notes that Plaintiff alleges that Michigan Department of Corrections' personnel have interfered with his legal mail, violating his right of access to the courts. To the extent that any of this legal mail is related to his Newaygo County conviction, Plaintiff's access to the courts claim would be barred by *Heck* because his access to the courts claim would imply the invalidity of his conviction. *See Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019).

To the extent that Plaintiff seeks to have his criminal conviction set aside in this civil rights action, the civil rights complaint is subject to dismissal.  Where a state

prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  A plaintiff cannot seek injunctive relief relating to his criminal conviction in a § 1983 action. *Nelson v. Campbell,* 541 U.S. 637, 643 (2004).  Instead, "§ 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence." *Id.*

This court, however, declines to construe Plaintiff's civil rights complaint as a habeas petition because Plaintiff does not allege that his claims have been exhausted with the state courts, nor does the complaint comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. See *Parker v. Phillips,* 27 F. App'x. 491, 494 (6th Cir. 2001).  In addition, *Heck* clearly directs a federal district court to dismiss a civil rights complaint which raises claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. See *Murphy v. Martin,* 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004).

The court dismisses the claims related to Plaintiff's conviction.  Because the court is dismissing Plaintiff's claims pursuant to *Heck v. Humphrey*, the dismissal with respect to these claims will be without prejudice. See *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 767 (6th Cir. 2015).

### E. Plaintiff's Remaining Claims

Plaintiff raises additional claims in his original and amended complaint. Plaintiff primarily alleges that he was wrongly charged with, and convicted of, a prison misconduct of disobeying a direct order while incarcerated at the Macomb Correctional Facility. Although unclear, some of Plaintiff's allegations about the interference with his legal mail may pertain to legal cases other than Plaintiff's Newaygo County conviction.

Rules 18 and 20 of the Federal Rules of Civil Procedure govern the proper joinder of claims and parties. The court has authority to *sua sponte* dismiss parties who are not properly joined as defendants in this action. Fed. R. Civ. P. 21.

Plaintiff's attempt to join together a number of unrelated claims and defendants into one action would thwart the purpose of the Prison Litigation Reform Act (PLRA), which seeks to reduce the significant number of frivolous prisoner lawsuits that were being filed in the federal courts. *See Riley v. Kurtz,* 361 F. 3d 906, 917 (6th Cir. 2004). Under the PLRA, a prisoner is required to prepay the filing fee in some form in order to commence a civil action. See 28 U.S.C. § 1915(b)(1). These "new fee provisions of the PLRA were designed to deter frivolous prisoner litigation by making all prisoner litigants feel the deterrent effect created by liability for filing fees." *Williams v. Roberts*, 116 F. 3d 1126, 1127-28 (5th Cir. 1997). The PLRA also contains a "three-strikes" provision which requires the collection of the entire filing fee after the dismissal for frivolousness, etc., of three actions or appeals brought by a prisoner proceeding *in forma pauperis*, unless the statutory exception is satisfied. 28 U.S.C. § 1915(g). The "three strikes" provision was also implemented by Congress to curb frivolous prisoner litigation. *See Wilson v. Yaklich,* 148 F. 3d 596, 603 (6th Cir. 1998). Courts have discouraged "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes

8

provision. *See e.g. Patton v. Jefferson Correctional Center*, 136 F. 3d 458, 464 (5th Cir. 1998).

"In light of the PLRA provisions ... to continue the practice of allowing joinder of claims which are not in compliance with Rule 18 and Rule 20 [of the Federal Rules of Civil Procedure] would be to defeat, or at least greatly dilute, the clear intent of the fee payment and three-strikes provisions of the statute." *Walls v. Scott*, 1998 WL 574903, * 3 (N.D. Tex. Aug. 28, 1998).  Other courts have reached similar conclusions. *See Brown v. Blaine,* 185 F. App'x. 166, 168-69 (3rd Cir. 2006) (allowing an inmate to assert unrelated claims against new defendants based on actions taken after the filing of his original complaint would have defeated the purpose of the three strikes provision of PLRA); *Shephard v. Edwards,* 2001 WL 1681145, * 1 (S.D. Ohio Aug. 30, 2001) (declining to consolidate prisoner's unrelated various actions so as to allow him to pay one filing fee, because it "would improperly circumvent the express language and clear intent of the 'three strikes' provision"); *Scott v. Kelly,* 107 F. Supp. 2d 706, 711 (E.D. Va. 2000) (denying prisoner's request to add new, unrelated claims to an ongoing civil rights action as an improper attempt to circumvent the PLRA's filing fee requirements and an attempt to escape the possibility of obtaining a "strike" under the "three strikes" rule).

Federal Rule of Civil Procedure 21 provides two remedial options for misjoinder: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 572-73 (2004).  This court believes the best option will be to dismiss the prison misconduct claim and any additional claims which are unrelated to his criminal conviction without prejudice to Plaintiff filing a

separate lawsuit. *Stojcevski v. Cty. of Macomb*, 143 F. Supp. 3d 675, 683 (E.D. Mich. 2015).

## V. CONCLUSION

IT IS ORDERED that the complaint is DISMISSED IN PART WITH PREJUDICE for failing to state a claim upon which relief could be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B), and in part WITHOUT PREJUDICE, as further specified in the body of this opinion.

                                        s/Robert H. Cleland  /
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated: April 13, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 13, 2021, by electronic and/or ordinary mail.

                                        s/ Lisa Bartlett for Lisa Wagner  /
                                        Case Manager and Deputy Clerk
                                        (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C3 ORDERS\21-10520.ROBINSON.CivilRights.1915Dismissal.db.chd.docx